IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Carissa Zapien, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO._____ |
| | § | |
| Trans American Trucking Service, Inc., | § | |
| and Fransico Martinez | § | |
| | § | |
| *Defendants.* | § | |

## Plaintiff's Original Complaint

Plaintiff Carissa Zapien ("Plaintiff") brings this action against Defendants Trans American Trucking Service, Inc. ("TATS"), and Fransico Martinez ("Martinez") (collectively, the "Defendants"), and would respectfully show the Court the following:

### I.

### Jurisdiction and Venue

1. The Court has original jurisdiction to hear these claims under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and there is complete diversity of the parties. Venue is proper under 28 U.S.C. § 1391 because the incident giving rise to this claim occurred in the Southern District of Texas in this Division.

### II.

### Parties

2. Plaintiff is a resident of Texas.

3. Defendant TATS is a New Jersey for-profit corporation that does a substantial amount of business in Texas which subjects it to general jurisdiction. Moreover, as the incident

forming the basis for this suit occurred in Harris County, Texas, this Defendant is also subject to specific jurisdiction. This Defendant may be served through its registered agent, Ronald McGraw, at 115 St. Nicholas Ave, South Plainfield, NJ, 07080-0000.

4.   Defendant Martinez is a natural person and resident of New York. This Defendant is subject to both general and specific jurisdiction in this case as he conducts a substantial amount of business in Texas, and because his conduct that caused Plaintiff's damages occurred in Harris County, Texas. This Defendant may be served at his personal address at 42 Meadowmere Avenue, Mastic, New York 11950, or wherever he may be found.

## III.

## Facts

5.   This lawsuit is necessary as a result of a motor vehicle accident that occurred on or about May 5, 2017. On or about that time, Plaintiff was operating her personal vehicle on Highway 290, when Defendant TATS' 18-wheeler, a large commercial vehicle, which was being driven by Defendant Martinez, violently struck Plaintiff's vehicle when he unexpectedly merged into Plaintiff's lane. At all relevant times, Defendant Martinez was in the course and scope of his employment for Defendant TATS, and acting in furtherance of a mission for Defendant TATS' benefit and subject to Defendant TATS' control. As a result of the above, Plaintiff sustained severe injuries to her neck, back, head, sides, hips, and other parts of her body. Plaintiff had to seek emergency medical attention, and will require extensive, ongoing medical treatment, including surgery, in the future, as a result of Defendants' negligence and gross negligence.

**IV.**

**Causes of Action**

A.  *Negligence and Gross Negligence (Against All Defendants)*

6. Plaintiff repeats and realleges each allegation contained above.

7. Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to maintain a safe speed;
- Failed to maintain a safe distance;
- Failed to pay attention to the road ahead;
- Failed to exercise caution;
- Failed to take evasive action to avoid the collision;
- Failed to obey traffic control device(s);
- Failed to keep a proper lookout;
- Failed to operate the vehicle safely;
- Violated of applicable rules, regulations, and traffic laws;
- Failed to properly supervise its employees;
- Failed to properly train its employees;
- Failed to provide adequate safety equipment;
- Negligently entrusted a vehicle to an incompetent and/or reckless driver; and
- Other acts deemed negligent and grossly negligent.

8. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause

of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for her injuries.

9. Additionally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

### B. *Negligence Per Se (Against All Defendants)*

10. Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Section 644 et seq. which section acts as a tie in to Code Sections 545.062 and 545.401.

11. Plaintiff is a member of the class that Texas Transportation Code Sections 545.062 and 545.401 were designed to protect.

12. Defendants' unexcused breach of the duties imposed by Texas Transportation Code Sections 545.062 and 545.401 proximately caused Plaintiff's injuries described herein.

### *RESPONDEAT SUPERIOR* AGAINST DEFENDANT TATS

13. Plaintiff repeats and realleges each allegation contained above.

14. At all relevant times, Defendant Martinez was in the course and scope his employment for Defendant TATS and acting in furtherance of a mission for TATS' benefit and subject to TATS' control. Thus, Plaintiff invokes the doctrines of vicarious liability and respondeat superior against Defendant TATS.

### AGENCY

15. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant TATS, occurred within the scope of the actual or apparent authority of such person on behalf of this Defendant.

16.     Therefore, Defendant TATS is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

C.     *Negligent Hiring (Against TATS)*

17.     Plaintiff repeats and realleges each allegation contained above.

18.     Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Mr. Martinez as a potential employee.

- Failure to properly follow up on information not provided by Mr. Martinez in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate Mr. Martinez's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Mr. Martinez.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

D.     *Negligent Training (Against TATS)*

19.     Plaintiff repeats and realleges each allegation contained above.

20.     Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to

        Mr. Martinez.

- Failure to provide the necessary training to Mr. Martinez regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Mr. Martinez, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### E.   *Negligent Supervision, Retention, and Monitoring (Against TATS)*

21. Plaintiff repeats and realleges each allegation contained above.

22. Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Mr. Martinez to make sure that he was complying with policies and procedures.

- Failure to interview and test Mr. Martinez to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Mr. Martinez, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Mr. Martinez to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## F.    *Negligent Entrustment (Against* **TATS**)

23.    Plaintiff repeats and realleges each allegation contained above.

24.    Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle and/or authority to Mr. Martinez who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

## G.    *Ratification (against TATS)*

25.    Plaintiff repeats and re-alleges each allegation contained above.

26.    Defendant is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant:

- Retained its driver after he committed the underlying tortious acts;

- Knew of its driver's tortious acts;

- Recognized that its driver will likely continue to be negligent if he is retained;

- Recognized that its driver will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent its driver from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate its driver's negligent and grossly negligent conduct after Defendant gained knowledge of the conduct.

27. As a result of Mr. Martinez's negligent and grossly negligent conduct, which Defendant TATS ratified, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for her injury. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## V.

## Jury Demand

28. Plaintiff requests that this case be decided by a jury as allowed by FED. R. CIV. P. 38.

## VI.

## Prayer for Relief

29. As a result of Defendants' actions and omissions, Plaintiff sustained severe injuries, which resulted in physical pain, mental anguish, and other medical problems. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which she now sues. Plaintiff prays for relief and judgment including but not limited to:

    a. Compensatory damages against each of the Defendants;
    b. Actual and consequential damages;
    c. Past and future medical expenses;
    d. Past and future lost wages and/or earning capacity;
    e. Past and future pain and suffering;
    f. Past and future mental anguish and emotional distress;
    g. Past and future impairment and/or disability;

h.  Past and future scarring and disfigurement;

i.  Interest on damages (pre- and post-judgment) in accordance with law;

j.  Past and future loss of household services;

k.  Exemplary damages;

l.  Costs of court and costs of depositions; and

m.  Such other and further relief to which Plaintiff is entitled and/or as the Court may deem just and proper.

Respectfully submitted,

ARNOLD & ITKIN LLP

/s/ Kurt B. Arnold

_____

Kurt B. Arnold
SBN: 24036150
KArnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
KFindley@arnolditkin.com
Kala F. Sellers
SBN: 24087519
KSellers@arnolditkin.com
Adam D. Lewis
SBN: 24094099
ALewis@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFFS**